# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **REV. JOHN LEE MORRIS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:08CV98 |
| | ) | |
| **N.C. SUPREME COURT, et al.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, John Lee Morris, Sr., has submitted a *pro se* document that the Court construes as a new civil complaint. In it, he seeks to have this court issue a writ of certiorari to the North Carolina Supreme Court and the Judicial Standards Commission for failing to sanction "Roy Cooper and Robert Montgomery and N.C. Appeals Court" for conduct related to state court proceedings. He also wants this Court to order a special investigation to be conducted by two black agents and one white agent from Washington, D.C. He wants them to be sent to the North Carolina Supreme Court and not his house, but wants them to call him on the telephone. He asks that they investigate whether the North Carolina Supreme Court sent the State Bureau of Investigation to his house, why Roy Cooper was not required to respond in the state courts and "[w]ho is a member of the special assassination group, the killing of black men."

Because Plaintiff has not submitted the required filing fee, the Court must consider whether he will be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § l915(a).

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a *pro se* litigant under 28 U.S.C. § 1915(e)(2)(B) when the complaint lacks "an arguable basis either law or in fact." *Id.* at 325. *Neitzke* explained that "[§ 1915(e)(2)(B)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Additionally, under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), a court may dismiss as frivolous in forma pauperis complaints whose factual allegations are fanciful, fantastic, delusional, irrational, or wholly incredible, but not those which are simply unlikely.

Here, Plaintiff's complaint is clearly "fanciful, fantastic, delusional, or wholly incredible." It also fails to state a cause of action or give a basis for federal jurisdiction. For these reasons, it is subject to dismissal under *Neitzke*.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint be dismissed for being frivolous under 28 U.S.C. § 1915(e)(2)(B).

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 21, 2008